UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRENT W.,

           Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. C21-1552-BAT

**ORDER REVERSING AND REMANDING**

Plaintiff appeals the ALJ's decision finding him not disabled. In February 2021, the ALJ issued a decision finding epilepsy, anxiety and depression are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform a full range of work subject to certain additional limitations; Plaintiff cannot perform past relevant work but is not disabled because he can perform other jobs in the national economy. Tr. 57-69.

Plaintiff contends the case should be remanded for further proceedings because the ALJ erroneously evaluated his testimony, his wife's statements, and medical opinion evidence, and because "the Appeals Council failed to consider new and material evidence." As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

ORDER REVERSING AND REMANDING - 1

# DISCUSSION

### A. Plaintiff's Testimony Regarding Seizures

Plaintiff contends the ALJ erroneously discounted his testimony about the severity of his seizures. Plaintiff stated he has 5-7 seizures a month and testified at the hearing he has 8-9 seizures a month; the seizures cause slurred speech, spacing out, twitching and full-body stiffness, and affects Plaintiff's memory; it takes 4-17 hours to recover from a seizure; Plaintiff was fired due to absences caused by seizures; and seizure medication makes Plaintiff sleepy. Tr. 61. The ALJ also noted Plaintiff sees a counselor for depression and going "out into the public triggers panic attacks." *Id.*

The ALJ rejected Plaintiff's testimony about the frequency of his seizures as inconsistent with the medical record. The ALJ found the medical record shows Plaintiff has anywhere between 2 and 6 seizures a month, (not 8-9 as Plaintiff reports), and Plaintiff reported once being 45 days seizure free indicating improvement with medications, which the ALJ found Plaintiff tolerated well. Tr. 64. This finding does not support the ALJ's step-five determination. The vocational expert testified "the general tolerance" for work absences is one to two times a month. Tr. 91. The medical record shows Plaintiff has two or more seizures a month. Hence even if the ALJ reasonably found Plaintiff's testimony should be discounted to show he has 2-6 seizures a month (not 8-9), that finding, alone, is not sufficient to support the ALJ's step-five finding.

Additionally, the ALJ's finding Plaintiff's testimony about the severity of his seizure symptoms is not supported by substantial evidence. The ALJ rejected Plaintiff's claims about the severity of his seizures based upon two examinations, showing Plaintiff had no motor or sensory defects, generally normal neurological examinations findings, and normal strength and ability to walk. Tr. 64. The ALJ erred because these examinations were not performed while or just after

Plaintiff suffered a seizure; the examinations thus do not document the severity of Plaintiff's seizures because they occurred during times when Plaintiff was not having a seizure.

The Court notes the ALJ also rejected Plaintiff's testimony because he can do light home chores, hike, fish, or ride a bicycle. Tr. 65. These activities do not contradict Plaintiff's claims his seizures are disabling, and do not show he has no seizures or they are so mild they do not impair his ability to work. These activities are also not transferrable to a work setting. The ALJ accordingly erred in rejecting Plaintiff's testimony on this basis.

In sum, the ALJ harmfully erred by entirely rejecting Plaintiff's testimony, and must on remand assess the impact of having 2-6 seizures a month, and the severity of Plaintiff's seizure episodes.

**B.     Medical Opinions**

Plaintiff contends the ALJ erroneously weighed the opinions of reviewing Doctors Dennis Koukol, M.D., Debra Baylor, M.D.. Justin Stahl, M.D. and Chris Ranson, M.D. (Tr. 1700-1710.

Plaintiff argues the ALJ erred by failing to address Dr. Stahl's treating medical notes that Plaintiff has weekly mild seizures and has failed multiple anticonvulsants; recovery from a seizure takes 4-6 hours; Plaintiff and the doctor discussed whether Plaintiff could return to work or should take a leave from work; and Plaintiff's seizure disorder is chronic and "creates episodic events in which he has no control." Tr. 1642. The Commissioner argues Dr. Stahl's note is not "valuable or persuasive evidence requiring consideration" by the ALJ. The argument fails. Dr. Stahl treated Plaintiff and noted "failed multiple anticonvulsants" contrary to the reviewing opinions that medications would control Plaintiff's seizures. Further it cannot be said a doctor

ORDER REVERSING AND REMANDING - 3

who reports a patient has episodic seizures with a 4-6 hour recovery period is not providing relevant and probative evidence about the patient's ability to work.

The Commissioner also argues the ALJ did not have to consider Dr. Stahl's note because it was created in March 2019, a month before the onset date. The ALJ did not discuss Dr. Stahl's and thus the Commissioner's argument is an impermissible post hoc contention upon which the Court cannot rely. Moreover, Dr.Stahl's March 2019 note does not describe seizure activity that stopped in April 2019, making the notation irrelevant. Rather, Dr. Stahl noted Plaintiff continued to suffer from seizures, noting he had 4 in November 2019. Tr. 1697. Accordingly, the Court concludes the ALJ erred in failing to address Dr. Stahl's note.

Plaintiff also argues the ALJ erred in assessing Dr. Ranson's records and opinions. The Commissioner contends the ALJ properly weighed Dr. Ranson's opinions and in fact included in the RFC determination limitations assessed by the doctor such as no climbing, no exposure to unprotected heights, moving mechanical parts, and no operation of a vehicle.

But the focus of Plaintiff's argument is Dr. Ranson's opinion that "seizures create transient disability – the magnitude and frequency of this disability is sporadic and unexpected and unpredictable." The Commissioner argues the ALJ appropriately disregarded "Dr. Ranson's valueless statement of transient disability." It cannot be reasonably said this statement is "valueless. Both Drs. Ranson and Stahl opined Plaintiff suffers from seizures that are unpredictable. There appears to be no dispute that this is in fact the case as the record clearly shows Plaintiff has chronic seizures and they occur between 2-6 times a month, and recovery after a seizure is not immediate. The record thus shows Dr. Ranson and Dr. Stahl offered opinions that have a direct impact on Plaintiff's ability to maintain gainful work activity,

ORDER REVERSING AND REMANDING - 4

especially as the vocational expert testified that missing work more than 2 times a month would make a person not employable.

Accordingly, the ALJ's treatment of the opinions of Drs. Stahl and Ranson is erroneous and these opinions must be reassessed on remand.

### C. Lay Testimony

The ALJ detailed Plaintiff's spouse's testimony which supported Plaintiff's disability claim but citing to 20 CFR 404.1520c stated because lay statements are non-medical source opinions, "the undersigned need not articulate how this evidence was considered in terms of persuasiveness." Tr. 68. The Commissioner argues the ALJ did not err in not discussing the testimony of Plaintiff's spouse. The argument readily lacks support. First the relevant portion of the CFR states:

> Evidence from Nonmedical sources. We are not required to articulate how we considered evidence from nonmedical sources using the requirements in paragraphs (a)-(c) in this section.

20 CFR 404.1520c(d). The plain language of the CFR does not direct the ALJ not to discuss relevant lay evidence, as the Commissioner suggests. Indeed, if the ALJ need not discuss relevant lay evidence, the ALJ need not mention the evidence even if the evidence is probative of disability.

Second, the CFR states the ALJ need not articulate how nonmedical source statements are considered *using the requirements in paragraphs (a)-(c) in this section*. The CFR thus directs the ALJ not to apply the requirements reserved for assessing medical opinions when considering lay statements. But the CFR does not state the ALJ need not discuss what weight the lay statement should be given, and need not provide an explanation for rejecting the statement. The requirement the ALJ provide a reviewable explanation is consistent 42 U.S.C. § 405(g), which

ORDER REVERSING AND REMANDING - 5

permits the Court to reverse the ALJ's determinations if the determination is not supported by substantial evidence.

The Commissioner also argues any error the ALJ might have committed is harmless because the ALJ gave proper reasons to reject Plaintiff's testimony, and properly evaluated the medical record and those reasons apply to his spouse's statement . But as discussed above, the ALJ erroneously discounted Plaintiff's testimony, and must reassess the opinions of two treating doctors, and thus the ALJ treatment of Plaintiff's testimony or opinions does not cure the ALJ's complete failure to discuss what weight the lay testimony should be given.

The ALJ accordingly erred in failing to provide any discussion regarding the weight the statements of Plaintiff's spouse should be accorded and failing to provide any rationale to discount her statements.

**C.  Postehearing Evidence**

Because this case must be remanded, the Court need not discuss the postehearing evidence Plaintiff submitted to the ALJ and Appeals Council. On remand, the agency should consider that evidence and update the record as needed.

**CONCLUSION**

For the foregoing reasons, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g) On remand, the ALJ shall reassess the testimony of Plaintiff and his spouse, and the opinions of Drs. Stahl and Ranson, develop the record and redetermine RFC as needed, and proceed to the remaining steps of the disability evaluation process as appropriate.

DATED this 22nd day of June, 2021.

                                                                     _____
                                                                     BRIAN A. TSUCHIDA
                                                                     United States Magistrate Judge